UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANABEL MONTES,<br><br>   Plaintiff<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 2:15-CV-06451-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

On August 24, 2015, Plaintiff Anabel Montes ("Plaintiff") filed a Complaint seeking review of a decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"), denying her application for Social Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 11 &12] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.'s Br."), Dkt. 19 ("Def.'s Br."), Dkt. 20 ("Pltf.'s Reply")]. The Court has taken the briefs under submission without oral argument.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff asserts disability since December 1, 2007, based primarily on osteoarthritis of her left and right knees. [Administrative Record ("AR") 121, 139.]

After a hearing on October 23, 2013, an Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process to find Plaintiff not disabled. [AR 28-37]; *see* 20 C.F.R. § 416.920(b)-(g)(1).[1] At step one, the ALJ found that Plaintiff has not engaged in substantial gainful employment since her alleged onset date. [AR 28.] At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative changes of the lumbar spine; osteoarthritis of the right knee and arthritic change of the left knee; gout; and marked exogenous obesity. [AR 28.]

At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, do not meet or medically equal the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. [AR 31.] The ALJ assessed Plaintiff with the residual functional capacity ("RFC") for a range of sedentary to light exertional work. [AR 32 (citing 20 C.F.R. § 416.967(a)-(b)).] Erring towards a sedentary RFC level, the ALJ stated Plaintiff is able to: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for two hours in an eight-hour workday; and sit for six hours in an eight-hour workday. [AR 32.] At step four, based on the assessed RFC, the ALJ found Plaintiff unable to perform any of her past relevant work as retail clerk, a medium exertional position. [AR 36.] Finally, at step five, the ALJ determined Plaintiff to be capable of engaging in other gainful and substantial work existing in the national economy. [AR 37.] The

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. § 416.920(b)-(g)(1).

Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner for judicial review. [AR 1-4.]

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The "evidence must be more than a mere scintilla but not necessarily a preponderance." *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) (internal citation omitted).

### IV. DISCUSSION

Plaintiff asserts that the ALJ erred by failing to articulate valid reasons for rejecting the opinion of Plaintiff's treating physician, Luis Albert, M.D. [Pltf.'s Br. 5-11.] For the reasons stated below, the Court REVERSES the decision of the Commissioner and REMANDS this matter for further proceedings.

To reject the uncontradicted opinion of a treating physician, the ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31; *see also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (quoting *Orn*, 495 F.3d at 633).

Here, the ALJ's decision sets forth two reasons for rejecting Dr. Albert's opinion regarding Plaintiff's limitations. [AR 34.] The Court discusses, and finds inadequate, each in turn. First, the ALJ stated that the opinions of the examining physician, Dr. Wallack, and the State Agency non-examining medical consultant, Dr. Friedman, were "more consistent with the record as a whole." [AR 34.] The ALJ must provide more than boilerplate language to satisfy the foregoing standards. *See Regennitter v. Comm'r of Soc. Sec. Admin.,* 66 F.3d 1294, 1299 (9th Cir. 1999) (stating that "[the] medical opinions are not supported by sufficient objective findings," does not meet the level of required specificity). By failing to articulate why other reports are "more consistent," this conclusory statement is insufficient legally to justify rejection of Dr. Albert's opinion.

The second reason asserted by the ALJ for rejecting Dr. Albert's opinion was that Dr. Albert "simply completed a pre-drafted form." [AR 34.] This justification is facially legitimate, and may be sufficient in the proper circumstance. *See Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996) (an ALJ may reject check-off reports that do not explain bases for their conclusions). However, if an opinion is based on significant experience and supported by numerous treatment records, it is "entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *See Garrison,* 759 F.3d 995 at 1013. Here, Dr. Albert's opinion, supported by his history as Plaintiff's treating physician and previous treatment records, cannot be rejected simply because it is on a check box form. Under a section titled, "REMARKS ON ABOVE OR OTHER FUNCTIONAL LIMITATIONS," the doctor's hand-written comments are listed as follows, "hypertension, anxiety, depression, osteoarthritis of knee bilateral, morbid obesity, [illegible][2]." [AR 339.] These comments are at least minimally supported by Plaintiff's previous records,

---

[2] In light of previous records, this illegible note may be Hyperuricemia or Hyperlipidemia. [AR 261, 274, 309.]

provided by Dr. Albert. For example, in December 2009, the doctor noted: depression, morbid obesity, and severe osteoarthritis of both knees. [AR 267.] In June 2010, he noted: hypertension, and again, morbid obesity, and severe osteoarthritis in both knees. [AR 263.] Furthermore, Plaintiff's 2013 x-ray results, interpreted by Dr. Berkowitz for Dr. Albert, describe advanced osteoarthritic change of both knees. [AR 346-7.] These references, which formed a basis for Dr. Albert's overall assessment, were improperly disregarded by the ALJ without further reasoning.

That said, the Court finds Dr. Albert's ultimate opinions on the check-box form suspect. If accepted in their entirety, the opinions would lead to the inescapable conclusion that Plaintiff is disabled, or at best can only perform completely sedentary work. Although previous records support the doctor's hand-written remarks listing certain conditions on the form, the Court finds no support for other specific findings on the form. For example, the report states that Plaintiff cannot lift up to five pounds (ever), and cannot use her left hand for fine manipulation, pushing/pulling, or simple grasping. [AR 339.] In stark contrast, Dr. Wallack's prior *objective* testing stated Plaintiff could lift up to twenty pounds, and that the range of motion in her shoulders, elbows, wrists and hands, were all "grossly normal bilaterally," and that her right grip strength was 20/20/20 and left 10/10/10. [AR 311.] Dr. Albert provided no support for his contrary severe limitations, and the Court could not discern any in the record.

Furthermore, it appears that Dr. Albert may have simply adopted and signed off on an assessment provided by the Plaintiff or Counsel. The record includes two other versions of the check-box form—one signed without comments, and a second that is unsigned and appears in another's handwriting, as if it might be a draft. [AR 342-3.] Although this casts doubt on the credibility of the report, the ALJ must properly provide his own reasoning and explanation for any rejection. *See Garrison*, 759 F.3d at 1010 ("[w]e review only the reasons provided by the ALJ in

the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Stout v. Comm'r, of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." (internal citation omitted)).

Defendant suggests that based on Plaintiff's activities of daily living and treatment record, the ALJ properly rejected Dr. Albert's examination. [Def.'s Br. at 6.] However, the ALJ's opinion reflects no such analysis or finding. When discussing Plaintiff's credibility and subjective pain, the ALJ stated, "The claimant's activities of daily living are also not consistent with the alleged degree of impairment … [a]ccordingly, I have given the claimant's allegations of disabling symptoms little weight." [AR 35.] This rationale was provided as part of the ALJ's discussion of Plaintiff's credibility, not as a basis for rejecting Dr. Albert's opinion. [AR 34.] The Court notes that this may be a proper basis for discounting Dr. Albert's extreme check-box opinion, but, as noted above, cannot find a lack of error based on a rationale or finding the ALJ did not actually utilize or make.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the court's discretion. *Harman v. Apfel,* 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* Here, the Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura,*

537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Commissioner,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS HEREBY ORDERED.**

DATED: June 29, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE